ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 1 4 2005
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| vs. | : Civil Action No.<br>: 3:05-CV-1328-L |
| MEGAFUND CORPORATION,<br>STANLEY A. LEITNER,<br>SARDAUKAR HOLDINGS, IBC., and<br>BRADLEY C. STARK, | : |
| Defendants, | : |
| and, | : |
| PAMELA C. STARK, and<br>CIG, LTD., | : |
| Relief Defendants. | : |

### AGREED PRELIMINARY INJUNCTION AS TO MEGAFUND CORP.

This matter came on before me, the undersigned United States District Judge, this _14th_ day of _July_, 2005, on application of Plaintiff Securities and Exchange Commission ("Commission") for issuance of a preliminary injunction, and after the Court having previously issued a temporary restraining order _and ordered SGL_ other equitable relief including an order freezing assets, requiring an accounting of revenues, expenses and assets, prohibiting the destruction and/or alteration of documents, authorizing expedited discovery and requiring the repatriation of funds and assets against Defendants Megafund Corp., Stanley A. Leitner and Bradley C. Stark, _Sardaukar Holdings, IBC._ ("Defendants"). Defendant Megafund has agreed to the entry of this Order, without admitting or denying the allegations contained in the Commission's Complaint; has agreed that this Court has

Re: *SEC v. Megafund Corp., et al.*
Preliminary Injunction (Megafund)
Page 1

jurisdiction over it and subject matter [*over the S&*] of this action; and has agreed to waive a hearing and the entry of findings of fact and conclusions of law.

**ACCORDINGLY, IT IS THEREFORE ORDERED:**

1. Defendant, its agents, servants, employees, attorneys, and all other persons in active concert or participation with it, who receive actual notice of this order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§77e(a) and 77e(c)]:

    a. by making use of any means or instruments of transportation or communication in interstate commerce or of the mails, to sell a security through the use or medium of a prospectus or otherwise; or

    b. by carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, a security for the purpose of sale or for delivery after sale unless a registration statement is in effect as to the security; or to make use of any means or instruments of transportation or communication in interstate commerce of the mails to offer to sell or offer to buy through the use or medium of a prospectus or otherwise a security;

    Unless a registration statement has been filed as to the security; or while the registration statement is the subject of a refusal order, stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act.

2. Defendant, its agents, servants, employees, attorneys, and all other persons in active concert or participation with it, who receive actual notice of this order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from violating Section

17(a) of the Securities Act [15 U.S.C. §77q(a)], directly or indirectly, in the offer or sale of a security, by making use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    a.    to employ any device, scheme or artifice to defraud;

    b.    to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and/or

    c.    to engage in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon any purchaser.

3.    Defendant, its agents, servants, employees, attorneys, and all other persons in active concert or participation with it, who receive actual notice of this order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from violating Section 10(b) of the Exchange Act and Rule 10b-5 [15 U.S.C. §78j(b) and 17 C.F. R. §240.10b-5], directly or indirectly, in connection with the purchase or sale of a security, by making use of any means or instrumentality of interstate commerce, of the mails or of any facility of any national securities exchange:

    a.    to use or employ any manipulative or deceptive device or contrivance;

    b.    to employ any device, scheme or artifice to defraud;

    c.    to make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and/or



      d.    to engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

4.    Defendant, its agents, servants employees, attorneys and other persons in active concert or participation with it, who receive actual notice of this order, by personal service or otherwise, is hereby restrained and enjoined from, directly or indirectly, making any payment or expenditure of funds belonging to or in the possession, custody or control of Defendant, effecting any sale, gift, hypothecation or other disposition of any asset belonging to or in the possession, custody or control of Defendant, pending a showing to this Court that Defendant has sufficient funds or assets to satisfy all claims arising out of the violations alleged in the Commission's Complaint or the posting of a bond or surety sufficient to assure payment of any such claim.

5.    All banks, savings and loan associations, savings banks, trust companies, broker-dealers, other financial or depository institutions and investment companies that hold one or more accounts in the name, on behalf or for the benefit of Defendant, are hereby restrained and enjoined from engaging in any transaction in securities (except liquidating transactions necessary to comply with a court order) or any disbursement of funds or securities pending further order of this Court.

6.    All other individuals, corporations, partnerships, limited liability companies and other artificial entities are hereby restrained and enjoined from disbursing any funds, securities or other property obtained from Defendant without adequate consideration.

7.    Defendant is hereby required to make an interim accounting, under oath, (1) detailing all monies and other benefits which it received, directly and indirectly, as a result of the activities alleged in the Complaint (including the date on which the monies or other benefit was received and the name, address and telephone number of the person paying the money or

Re: *SEC v. Megafund Corp., et al.*
Preliminary Injunction (Megafund)
Page 4



providing the benefit), (2) listing all current assets wherever they may be located and by whomever they are being held (including the name and address of the holder and the amount or value of the holdings) and (3) listing all accounts with any financial or brokerage institution maintained in the name of, on behalf of or for the benefit of the Defendant (including the name and address of the account holder and the account number) and the amount held in each account, at any point during the period from June 1, 2004, through the date of the accounting. This accounting shall be made within 30 days of the date upon which defendant is provided access to the financial records that were obtained by the government from Megafund on July 1, 2005.

8. Defendant, its agents, servants, employees, attorneys and other persons in active concert or participation with it, who receive actual notice of this order, by personal service or otherwise, are hereby restrained and enjoined from destroying, removing, mutilating, altering, concealing and/or disposing of, in any manner, any books and records owned by or pertaining to the financial transactions and assets of any defendant or relief defendant named in the above-styled cause.

9. Defendant shall immediately repatriate all funds and assets obtained, directly or indirectly, from the activities described in the Commission's Complaint that are now located outside the jurisdiction of this Court. Such funds shall be, immediately, transferred or paid into the Court appointed Receiver. Furthermore, with respect to any other asset owned by the Defendant that is now located outside the jurisdiction of this Court, including specifically, any securities or real property, the Defendant shall immediately identify to the Receiver the location of such asset, the price paid or consideration given, and the date upon which it was purchased. Securities or other personal property that are to be repatriated and that can be readily moved or

Re: *SEC v. Megafund Corp., et al.*
Preliminary Injunction (Megafund)
Page 5



transferred and titles or other documents reflecting ownership as to real property subject to repatriation, shall be delivered to the Receiver as soon as practicable.

10. The United States Marshal in any district in which Defendant does business and/or may be found is authorized and directed to make service of process at the request of the Commission.

11. The Commission is authorized to give any notice required under the Federal Rules of Civil Procedure to the Defendant by U.S. Mail, by electronic mail, or by any other means authorized by the Federal Rules of Civil Procedure.

12. All parties shall serve written responses to any other party's request for discovery and the interim accountings to be provided by Defendant by delivery to the Commission address as follows:

> UNITED STATES SECURITIES AND EXCHANGE COMMISSION
> Fort Worth District Office
> Attention: Steve Korotash
> 801 Cherry Street, Unit 18
> Fort Worth, TX 76102-6477
> Facsimile: (817) 978-4927

and by delivery to other parties at such address(es) as may be designated by them in writing. Such delivery shall be made by the most expeditious means available, including facsimile machine.

EXECUTED AND ISSUED at _____ o'clock p.m. CST this 14th day of _____, 2005.

*Sam G. Lindsay*
United States District Judge

Agreed and Approved as to Form and Content:

Re: *SEC v. Megafund Corp., et al.*
Preliminary Injunction (Megafund)
Page 6

*[signature]*

Steve Korotash
Oklahoma Bar No. 5102
Attorney for Plaintiff
U.S. SECURITIES and EXCHANGE COMMISSION
Burnett Plaza, Suite 1900
801 Cherry Street, Unit #18
Fort Worth, Texas 76102-6822
Telephone: (817) 978-6490
Facsimile: (817) 978-4927

*[signature]*

Megafund Corp.
Stanley A. Leitner, President

7/12/05
Date

*[signature]*

Scott R. Baker
Counsel for Defendant Megafund
10830 North Central Expressway
Suite 475, LB 4
Dallas, Texas 75231
214-750-4444

Re: *SEC v. Megafund Corp., et al.*
Preliminary Injunction (Megafund)
Page 7