IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| MEGAFUND CORPORATION, STANLEY A. LEITNER, SARDKAUER HOLDINGS, IBC., BRADLEY C. STARK, CIG, LTD., and JAMES A. RUMPF, Individually and d/b/a CILAK INTERNATIONAL, | § § § § § § | Civil Action No. 3:05-CV-1328-L |
| Defendants, | § § | |
| and | § § | |
| PAMELA C. STARK, | § § | |
| Relief Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are: the Receiver's Unopposed First Interim Application to Allow and Pay (1) Receiver's Fees and Expenses and (2) Attorneys' Fees and Expenses and Brief in Support (Megafund Corporation/CIG Ltd. Receivership Estate), filed November 30, 2005 (hereinafter, "Megafund/CIG Application"); and Receiver's Unopposed First Interim Application to Allow and Pay (1) Receiver's Fees and Expenses and (2) Attorneys' Fees and Expenses and Brief in Support (Sardkauer Holdings Receivership Estate), filed November 30, 2005 (hereinafter, "Sardkauer Application").  Having considered the Megafund/CIG Application and the Sardkauer Application, along with the record and pleadings in this case, and the applicable law, the court determines that both applications should be **denied**.

**Memorandum Opinion and Order – Page 1**

## I.    Factual and Procedural Background

The Securities and Exchange Commission ("Commission") filed a complaint on July 1, 2005 against defendants alleging violations of various securities laws, along with a request for appointment of a receiver. On July 5, 2005, the court issued an order appointing Michael J. Quilling as Receiver in this case. On July 19, 2005, after the Commission filed its Amended Complaint on July 18, 2005 seeking to add additional individuals and entities to the receivership, the court issued an Amended Order Appointing Receiver ("Receivership Order"). The Receivership Order authorized the Receiver to employ such attorneys as necessary and proper in connection with the claims process. The Receiver employed Quilling Selander Cummiskey & Lownds, P.C ("QSCL"), of which he is a shareholder.

## II.    Analysis

In both applications, the Receiver states that he has paid himself and QSCL 90% of their fees and 100% of their expenses. The Receiver requests the court's approval of all the fees and expenses pursuant to paragraph 16 of the Receivership Order, and further requests that the court allow payment of the 10% fee holdback.[1] Specifically, in the Megafund/CIG Application, for the time period from July 1, 2005 through October 31, 2005, the Receiver seeks approval of his payment to himself and QSCL of $159,740.10 (90% of the fees) and $6,258.29 (100% of the expenses), and requests that the court allow payment of the 10% fee holdback in the amount of $17,748.90. In the

---

[1]Pursuant to paragraph 16 of the Receivership Order:
> The Receiver shall file on at least a quarterly basis an application for approval of the disbursements for professional fees and expenses to himself or others. The Receiver may pay up to 90% of the professional fees and 100% of the expenses on a monthly basis, provided statements are made on a monthly basis to the Commission, no objections thereto have been presented and applications have been made as required. Any and all costs incurred by the Receiver shall be paid from Receivership Assets.

**Memorandum Opinion and Order – Page 2**

Sardkauer Application, also for the time period from July 1, 2005 through October 31, 2005, the Receiver seeks approval of his payment to himself and QSCL of $133,415.10 (90% of the fees) and $34,518.15 (100% of the expenses) and requests that the court allow payment of the 10% fee holdback in the amount of $14,823.90. In support of both applications, the Receiver attaches QSCL's billing records for the relevant time period. Absent from both applications, however, is any affidavit testimony or other documentation or evidence from which the court can verify that the fees and expenses are reasonable and the services necessary.

A party seeking an award of attorney's fees has the burden of proving the reasonableness of the hours expended and the rate charged, and the district court must be able to determine the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *See generally Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir.1996) ("The fee applicant bears the burden of proving that the number of hours and the hourly rate for which compensation is requested is [sic] reasonable."); *Von Clark v. Butler,* 916 F.2d 255, 259 (5th Cir.1990); *see also Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974); *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998).

With only QSCL's bills before it, the court has no way of determining that the fees and expenses incurred by QSCL and the Receiver are reasonable and necessary, or that the hourly rate charged by the Receiver and QSCL are within the normal and customary rate for services for attorneys in the Dallas legal community with similar experience, ability and competence to that of the QSCL attorneys in this case. The court cannot abandon its oversight of the Receiver's applications merely because the applications are "unopposed."[2] In short, at this point, based on the

---

[2] The court notes that the word "unopposed" does not have its usual meaning and applicability in this instance, as it is not apparent to the court who would be in a position to oppose the Receiver's applications. Further, the court is

**Memorandum Opinion and Order – Page 3**

Reciever's applications, the court does not have sufficient information before it to award the Receiver the relief he seeks. Accordingly, the court denies the Megafund/CIG Application and the Sardkauer Application without prejudice to refiling.

### III. Conclusion

For the reasons set forth herein, the court **denies without prejudice** Receiver's Unopposed First Interim Application to Allow and Pay (1) Receiver's Fees and Expenses and (2) Attorneys' Fees and Expenses and Brief in Support (Megafund Corporation/CIG Ltd. Receivership Estate) and **denies without prejudice** Receiver's Unopposed First Interim Application to Allow and Pay (1) Receiver's Fees and Expenses and (2) Attorneys' Fees and Expenses and Brief in Support (Sardkauer Holdings Receivership Estate).

**It is so ordered** this 9th day of January, 2006.

*[signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge

---

cognizant that it has, in the past, granted a similar request by Michael J. Quilling for attorney's fees and expenses in the context of a receivership in a securities fraud lawsuit. *See* Order, *SEC v. CashLink Systems Inc., et al.*, 3:04-CV-1573 (Oct. 15, 2005). The court recognizes that Michael J. Quilling is a shareholder in the law firm he hires to serve as the attorney in the receiverships. While the court is not suggesting that anything is wrong with this arrangement, given the posture of the case, in carrying out its duty to exercise proper oversight and ensure that fees and expenses are "reasonable," the court cannot rely on Mr. Quilling's *ipse dixit* that the amounts sought are reasonable.

**Memorandum Opinion and Order – Page 4**