IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 3-05-CV-1328-L |
| MEGAFUND CORPORATION, ET AL. | § § § § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Michael J. Quilling, as Receiver for Megafund Corporation and related entities, has filed a motion to allow "A" claims against the Megafund Receivership Estate. For the reasons stated herein, the motion should be granted.

I.

This is a civil action brought by the Securities and Exchange Commission ("SEC") against Bradley C. Stark, Stanley A. Leitner, James A. Rumpf and their respective companies, Sardaukar Holdings, IBC ("Sardaukar"), Megafund Corporation ("Megafund"), and CIG, Ltd. ("CIG"). In its complaint, the SEC alleges that the defendants raised approximately $13.8 million from at least 70 investors through the sale of unregistered securities by making false representations about the expected rate of return on their investments and by promising that a portion of the profits generated from the sale would be used to benefit charitable causes. This conduct, if proved, constitutes a violation of the federal securities laws.[1]

---

[1] The SEC alleges violations of Sections 5(a), (c) & 17(a) of the Securities Act of 1933, 15 U.S.C. §§ 77e(a), (c) & 77q(a), Section 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b), and Securities and Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5.

On July 5, 2005, the court appointed Michael J. Quilling as the receiver for the various defendants and relief defendants, including Leitner and Megafund. In that capacity, Quilling was authorized to:

> take[ ] exclusive jurisdiction and possession of the assets, monies, securities, claims in action, and properties, real and personal, tangible and intangible, of whatever kind and description, wherever situated, of [Leitner and Megafund] and any entities they control ("Receivership Assets"), and the books and records of Defendants and Relief Defendant ("Receivership Records").

*See* Order, 7/5/05 at 2, ¶ I(1)). To date, the Receiver has collected more than $1.4 million in assets traceable to Megafund and related entities.

The Receiver was previously ordered to send court-approved claim forms to all known and possible claimants of the Megafund Receivership Estate.[2] The forms were to be completed and returned to the Receiver within 60 days of mailing. *See* Order, 8/19/05 at 2. On August 16, 2006, the Receiver filed the instant motion seeking approval of 103 claims totaling $2,709,790.00. The Receiver was ordered to post a copy of the motion on his website with notice to all interested parties that any objections to a proposed allowed claim must be filed with the court by September 18, 2006. No written objections have been received.[3] The SEC, through its regional counsel, has consented to the motion.

---

[2] By orders dated August 12, 2005 and January 20, 2006, the court authorized the Receiver to designate three Receivership Estates for the purpose of handling claims and making distributions to defrauded investors: (1) the Megafund Receivership Estate; (2) the Sardaukar Holdings Receivership Estate; and (3) the Lancorp Financial Group Receivership Estate. The Receiver is still in the process of reviewing other claims against the Megafund Receivership Estate, as well as claims against the Sardaukar Holdings and Lancorp Financial Group Receivership Estates. Those claims will be the subject of future motions.

[3] On September 11, 2006, the court received a letter from Dan Maria Cui appealing the denial of his claim by the Receiver. Subsequent investigation has revealed that Cui filed multiple claims totaling $200,000.00 against the Lancorp Financial Group Receivership Estate, not the Megafund Receivership Estate. The court therefore declines to consider Cui's objection at this time.

II.

After considering the evidence and the written submissions of the parties, the court determines that the investor claims identified in Exhibit "1" to the Receiver's motion, totaling $2,709,790.00, should be allowed. The priority of payment of such claims will be the subject of future orders.

**RECOMMENDATION**

The Receiver's motion to allow "A" claims against the Megafund Receivership Estate [Doc. #191] should be granted. The investor claims identified in Exhibit "1" to the Receiver's motion, totaling $2,709,790.00, should be allowed.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 20, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE