IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 3-05-CV-1328-L |
| MEGAFUND CORPORATION, ET AL. | § § § § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Michael J. Quilling, as Receiver for Lancorp Financial Group, LLC and related entities, has filed a motion to allow "A" claims against the Lancorp Financial Receivership Estate. For the reasons stated herein, the motion should be granted.

I.

This is a civil action brought by the Securities and Exchange Commission ("SEC") against Bradley C. Stark, Stanley A. Leitner, James A. Rumpf and their respective companies, Sardaukar Holdings, IBC ("Sardaukar"), Megafund Corporation ("Megafund"), and CIG, Ltd. ("CIG"). In its complaint, the SEC alleges that the defendants raised approximately $13.8 million from at least 70 investors through the sale of unregistered securities by making false representations about the expected rate of return on their investments and by promising that a portion of the profits generated from the sale would be used to benefit charitable causes. This conduct, if proved, constitutes a violation of the federal securities laws.[1]

---

[1] The SEC alleges violations of Sections 5(a), (c) & 17(a) of the Securities Act of 1933, 15 U.S.C. §§ 77e(a), (c) & 77q(a), Section 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b), and Securities and Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5.

On July 5, 2005, the court appointed Michael J. Quilling as Receiver for various defendants and relief defendants. The receivership was subsequently expanded to include Lancorp Financial Group, LLC and Lancorp Financial Business Trust (the "Lancorp Financial Receivership Estate"). *See* Orders, 1/20/06 & 3/1/06. In his capacity as Receiver, Quilling was authorized to:

> take[ ] exclusive jurisdiction and possession of the assets, monies, securities, claims in action, and properties, real and personal, tangible and intangible, of whatever kind and description, wherever situated, of [Leitner and Megafund] and any entities they control ("Receivership Assets"), and the books and records of Defendants and Relief Defendant ("Receivership Records").

*See* Order, 7/5/05 at 2, ¶ I(1)). To date, the Receiver has collected more than $1.3 million in assets traceable to Lancorp Financial and related entities.

The Receiver was previously ordered to send court-approved claim forms to all known and possible claimants of the Lancorp Financial Receivership Estate.[2] The forms were to be completed and returned to the Receiver within 60 days of mailing. *See* Order, 8/19/05 at 2. On October 18, 2006, the Receiver filed the instant motion seeking approval of 130 claims totaling $10,568,053.02. The Receiver was ordered to post a copy of the motion on his website with notice to all interested parties that any objections to a proposed allowed claim must be filed with the court by November 17, 2006. No written objections have been received. The SEC, through its regional counsel, has consented to the motion.

II.

After considering the evidence and the written submissions of the parties, the court determines that the investor claims identified in Exhibit "1" to the Receiver's motion, totaling

---

[2] The Receiver is in the process of reviewing other claims against the Lancorp Financial Receivership Estate, as well as claims against the Sardaukar Holdings Receivership Estate. By order dated October 11, 2006, the court allowed 103 claims totaling $2,709,790.00 against the Megafund Receivership Estate. The Receiver recently filed a second motion to allow 62 additional claims totaling $2,155,025.00 and a motion to disallow or adjust certain other claims against the Megafund Receivership Estate.

$10,568,053.02 should be allowed. The priority of payment of such claims will be the subject of future orders.

## **RECOMMENDATION**

The Receiver's motion to allow "A" claims against the Lancorp Financial Receivership Estate [Doc. #220] should be granted. The investor claims identified in Exhibit "1" to the Receiver's motion, totaling $10,568,053.02 should be allowed.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 20, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE