IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 3-05-CV-1328-L |
| MEGAFUND CORPORATION, ET AL. | § § § § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Michael J. Quilling, as Receiver for Sardaukar Holdings, IBC and related entities, has filed a first amended motion to allow "A" claims and disallow potential "A" claims against the Sardaukar Holdings Receivership Estate. For the reasons stated herein, the motion should be granted.

I.

This is a civil action brought by the Securities and Exchange Commission ("SEC") against Bradley C. Stark, Stanley A. Leitner, James A. Rumpf and their respective companies, Sardaukar Holdings, IBC ("Sardaukar"), Megafund Corporation ("Megafund"), and CIG, Ltd. ("CIG"). In its complaint, the SEC alleges that the defendants raised approximately $13.8 million from at least 70 investors through the sale of unregistered securities by making false representations about the expected rate of return on their investments and by promising that a portion of the profits generated from the sale would be used to benefit charitable causes. This conduct, if proved, constitutes a violation of the federal securities laws.[1]

---

[1] The SEC alleges violations of Sections 5(a), (c) & 17(a) of the Securities Act of 1933, 15 U.S.C. §§ 77e(a), (c) & 77q(a), Section 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b), and Securities and Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5.

On July 5, 2005, the court appointed Michael J. Quilling as the receiver for the various defendants and relief defendants, including Stark and Sardaukar. In that capacity, Quilling was authorized to:

> take[ ] exclusive jurisdiction and possession of the assets, monies, securities, claims in action, and properties, real and personal, tangible and intangible, of whatever kind and description, wherever situated, of [Stark and Sardaukar] and any entities they control ("Receivership Assets"), and the books and records of Defendants and Relief Defendant ("Receivership Records").

*See* Order, 7/5/05 at 2, ¶ I(1)). To date, the Receiver has collected more than $2.7 million in assets traceable to Sardaukar and related entities.

The Receiver was previously ordered to send court-approved claim forms to all known and possible claimants of the Sardaukar Holdings Receivership Estate.[2] The forms were to be completed and returned to the Receiver within 60 days of mailing. *See* Order, 8/19/05 at 2. On January 12, 2007, the Receiver filed the instant motion seeking approval of six claims totaling $6,288,266.38 and disallowance of any claims not filed. The Receiver was ordered to post a copy of the motion on his website with notice to all interested parties that any objections to a proposed allowed or disallowed claim must be filed with the court by February 2, 2007. John W. Stark, Jr. and Barbara Stark ("the Starks") timely filed a "limited objection" to the motion. No other objections have been received. The SEC, through its regional counsel, has consented to the motion.

II.

The Starks object to that part of the motion disallowing any claims that have not yet been filed against the Sardaukar Holdings Receivership Estate. In support of their objection, the Starks

---

[2] By orders dated August 12, 2005 and January 20, 2006, the court authorized the Receiver to designate three Receivership Estates for the purpose of handling claims and making distributions to defrauded investors: (1) the Megafund Receivership Estate; (2) the Sardaukar Holdings Receivership Estate; and (3) the Lancorp Financial Group Receivership Estate. The Receiver is still in the process of reviewing claims against the Megafund and Lancorp Financial Group Receivership Estates. Those claims will be the subject of other motions.

point out that they are defendants in a civil action brought by the Receiver to recover more than $173,000.00 of investor funds allegedly transferred to them by their son, Brad, and his wife, Pamela, from Sardaukar accounts.  The Starks contend that they received these payments from Sardaukar in good faith and in exchange for reasonably equivalent value.  However, if the Receiver is successful in his suit to recover these funds, the Starks want to assert a claim against the Estate for:

| | |
|---|---|
| $26,432.78 | Salary earned by John Stark and paid by Sardaukar for the period from April 1, 2005 through June 24, 2005 ($23,001.13), plus unpaid salary earned for the period from June 25, 2005 through July 5, 2005 ($3,431.65) |
| $3,000.00 | Military social security obligations paid by Sardaukar on behalf of John Stark |
| $24,042.24 | Rent paid by Brad and Pamela Stark for living at the Riverside, California home owned by John and Barbara Stark, together with expenses for operating Sardaukar out of the home |
| $95,154.43 | Compensation as repayment of a $90,000.00 loan to Brad Stark for his business use and as further consideration for Sardaukar's use of the Riverside, California home |
| $3,999.33 | Travel expenses paid by Sardaukar for John Stark |
| $12,744.25 | Travel expenses paid by Sardaukar for Barbara Stark |
| $13,000.00 | Salary earned by Barbara Stark and paid by Pamela Stark, owner of Tesori Fine Arts and Collectibles, for the period from April 1, 2005 through June 20, 2005 ($10,400.00), plus unpaid salary earned for the period from June 21, 2005 through July 5, 2005 ($2,600.00) |

These are the same claims made by the Starks in the lawsuit brought by the Receiver.  In a separate ruling issued today in that case, the court has granted summary judgment in favor of the Receiver, holding that the Starks failed to prove that they accepted any of these payments from Sardaukar in good faith.  *See Quilling v. Stark*, No. 3-05-CV-1976-BD, op. at 8 (N.D. Tex. Feb. 7, 2007).  That

ruling effectively precludes the Starks from asserting a claim against the Sardaukar Holdings Receivership Estate for a "pro rata reimbursement" of any amounts collected by the Receiver in the ancillary litigation.

The Starks also object to the $6,063,266.38 claim filed by the Receiver on behalf of CIG, Ltd. and Megafund. As the Receiver explains in his motion, CIG made four payments totaling $9,500,000.00 to Sardaukar from November 19, 2004 to April 11, 2005. In March and April 2005, a total of $3,436,733.62 was repaid by Sardaukar to CIG, Megafund, and related entities. That leaves net claim of $6,063,266.38. Other than complaining about the amount of this claim, the Starks offer nothing to suggest that CIG and Megafund, each of whom have their own investors, are not entitled to the monies paid to Sardaukar. This objection should be overruled.

III.

After considering the evidence and the written submissions of the parties, the court determines that the following claims should be allowed or disallowed as requested by the Receiver:

| **Claimant** | **Amount of Claim** | **Recommended Action** |
|---|---|---|
| Michael J. Quilling, as Receiver for CIG, Ltd. | $6,063,266.38 | Allowed |
| Lynn Atkinson d/b/a Rose of Avalon, LLC | $100,000.00 | Allowed |
| Norman D. Spahr | $50,000.00 | Allowed |
| Stephen T. Hood | $ 50,000.00 | Allowed |
| Bruce Beeley d/b/a Performance Management Group | $10,000.00 | Allowed |
| Dvora Adams | $15,000.00 | Allowed |
| CDB&B Investors, Inc. c/o Ralph Schaefer | $953,425.52 | Disallowed |
| Harriette Reibman | $60,000.00 | Disallowed |

| | | |
|---|---|---|
| Robin Schaefer | $150,000.00 | Disallowed |
| Clover Investment, LLC c/o Jill Erikson | $75,000.00 | Disallowed |
| Ag Financial Services, Ltd. c/o Amin Ramji | $390,000.00 | Disallowed |
| Tony Plotkin | $10,000.00 | Disallowed |
| Investment World, Inc. c/o Kelly Christensen | $50,000.00 | Disallowed |
| Kerry Semon | $23,000.00 | Disallowed |
| Gus Schvarckpof | $50,000.00 | Disallowed |
| Steven Anderson | $10,000.00 | Disallowed |
| Grainaissance, Inc. and Grainaissance Profit Sharing | $200,000.00 | Disallowed |
| Mack Ellery, LLC | $50,000.00 | Disallowed |
| International Consultants & Referrals | $466,238.73 | Disallowed |
| Paul Sugar | $10,000.00 | Disallowed |
| Linda Gramlich | $15,000.00 | Disallowed |
| Jesse and Margaret Morse | $10,000.00 | Disallowed |
| Daniel Cleary | $10,000.00 | Disallowed |
| William Wesson | $2,000.00 | Disallowed |
| Myrtle Jones | $2,500.00 | Disallowed |
| Maureen Rafael | $10,000.00 | Disallowed |
| Universal One Club, LLC | $150,000.00 | Disallowed |
| Barr Chase, S.A. | $50,000.00 | Disallowed |
| K&R Development, LLC c/o DeWayne Long | $20,000.00 | Disallowed |
| Clara Neil Hollaway a/k/a Clara Neil Heard | $7,422.16 | Disallowed |
| Brain Fabin | $39,000.00 | Disallowed |
| Peter Kaiser | $110,000.00 | Disallowed |

| | | |
|---|---|---|
| Covenant Faith Advisor | $60,000.00 | Disallowed |

In addition, the court should disallow claims totaling $178,373.03 filed by John W. Stark, Jr. and Barbara Stark.  The priority of payment of the allowed claims will be the subject of future orders.

## **RECOMMENDATION**

The Receiver's first amended motion to allow "A" claims and disallow potential "A" claims against the Sardaukar Holdings Receivership Estate [Doc. #250] should be granted.  The court should allow the claims of :

1. Michael J. Quilling, as Receiver for CIG, Ltd.    $6,063,266.38
2. Lynn Atkinson d/b/a Rose of Avalon, LLC         $100,000.00
3. Norman D. Spahr                                  $50,000.00
4. Stephen T. Hood                                  $ 50,000.00
5. Bruce Beeley d/b/a Performance Mgt. Group       $10,000.00
6. Dvora Adams                                      $15,000.00.

The court should disallow claims totaling $178,373.03 filed by John W. Stark, Jr. and Barbara Stark, and any claims not filed to date, including claims filed by the 27 individuals and entities identified herein.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 7, 2007.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE