IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 3-05-CV-1328-L |
| MEGAFUND CORPORATION, ET AL. | § § § § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Michael J. Quilling, as Receiver for Lancorp Financial Group, LLC and related entities, has filed a motion to make an interim distribution to claimants of the Lancorp Financial Receivership Estate. For the reasons stated herein, the motion should be granted.

I.

This is a civil action brought by the Securities and Exchange Commission ("SEC") against Bradley C. Stark, Stanley A. Leitner, James A. Rumpf and their respective companies, Sardaukar Holdings, IBC ("Sardaukar"), Megafund Corporation ("Megafund"), and CIG, Ltd. ("CIG"). In its complaint, the SEC alleges that the defendants raised approximately $13.8 million from at least 70 investors through the sale of unregistered securities by making false representations about the expected rate of return on their investments and by promising that a portion of the profits generated from the sale would be used to benefit charitable causes. This conduct, if proved, constitutes a violation of the federal securities laws.[1]

---

[1] The SEC alleges violations of Sections 5(a), (c) & 17(a) of the Securities Act of 1933, 15 U.S.C. §§ 77e(a), (c) & 77q(a), Section 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b), and Securities and Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5.

On July 5, 2005, the court appointed Michael J. Quilling as Receiver for various defendants and relief defendants. The receivership was subsequently expanded to include Lancorp Financial Group, LLC and Lancorp Financial Business Trust (the "Lancorp Financial Receivership Estate"). *See* Orders, 1/20/06 & 3/1/06. In his capacity as Receiver, Quilling was authorized to:

> take[ ] exclusive jurisdiction and possession of the assets, monies, securities, claims in action, and properties, real and personal, tangible and intangible, of whatever kind and description, wherever situated, of [ Defendants and Relief Defendants] and any entities [they] control ("Receivership Assets"), and the books and records of [Defendants and Relief Defendants] ("Receivership Records").

*See* Order, 1/20/06 at 2, ¶ I(1). As of today, the Receiver has $2,813,532.74 in cash and other assets on hand available for distribution to 130 claimants of the Lancorp Financial Receivership Estate.[2] Of this sum, the Receiver proposes distributing $2,500,000.00 to claimants on a pro rata basis and reserving $313,532.74 for payment of attorney's fees, accounting fees, and other expenses.[3] That means each claimant would received approximately 23.66% of their claim.

The Receiver was previously ordered to post a copy of his proposed interim distribution plan on his website with notice to all interested parties that any objections must be filed with the court by February 12, 2007. No written objections have been filed. The SEC, through its regional counsel, has consented to the motion.

II.

After considering the evidence and the written submissions of the parties, the court determines that the Receiver's proposed interim distribution plan should be approved. The Receiver

---

[2] This is contingent upon approval of the magistrate judge's recommendation on the Receiver's motion to make an interim distribution to claimants of the Megafund Receivership Estate. If that recommendation is adopted, the Lancorp Financial Receivership Estate will receive a $1,566,136.27 distribution from the Megafund Receivership Estate.

[3] Currently pending before the court is the Receiver's fourth interim application for payment of $45,758.00 in attorney's fees, $1,763.55 in expenses, and $5,487.00 in accounting fees incurred from July 1, 2006 through January 31, 2007. If no objections are filed, that motion will be ripe for determination after March 2, 2007.

currently has $2,813,532.74 in cash and other assets on hand. Of this sum, the Receiver asks to reserve $313,532.74 to cover past and future expenses, including attorney's fees and accounting fees. The court finds that this sum should be reserved from funds available for interim distribution.

The court previously approved 130 claims totaling $10,568,053.02. If $313,532.74 is reserved from the $2,813,532.74 on hand, $2,500,000.00 remains available for immediate distribution to claimants on a pro rata basis. *See SEC v. Forex Asset Management LLC*, 242 F.3d 325, 331 (5th Cir. 2001) (approving pro rata distribution to investors). Therefore, each claimant should be paid in accordance with the schedule attached as Exhibit "1" to the Receiver's motion. The Receiver should issue interim distribution checks to each claimant in the amounts set forth in the schedule. The checks shall be void if not cashed within 45 days from the date of issuance.

## RECOMMENDATION

The Receiver's motion to make an interim distribution to claimants of the Lancorp Financial Receivership Estate [Doc. #262] should be granted. The court should approve the Receiver's interim distribution plan in accordance with the above recommendation.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 14, 2007.

                                              JEFF KAPLAN
                                              UNITED STATES MAGISTRATE JUDGE