IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 3-05-CV-1328-L |
| MEGAFUND CORPORATION, ET AL. | § § § | |
| Defendants. | § § | |

## FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Michael J. Quilling, as Receiver for the Lancorp Financial Group Receivership Estate, has filed: (1) his final report and proposed distribution plan; and (2) an application for approval of $26,934.00 in attorney's fees and $310.72 in expenses incurred on behalf of the Estate. For the reasons stated herein, the proposed distribution plan should be approved and the fee application should be granted.

I.

This is a civil action brought by the Securities and Exchange Commission ("SEC") against Bradley C. Stark, Stanley A. Leitner, James A. Rumpf and their respective companies, Sardaukar Holdings, IBC ("Sardaukar"), Megafund Corporation ("Megafund"), and CIG, Ltd. ("CIG"). In its complaint, the SEC alleges that the defendants raised approximately $13.8 million from investors through the sale of unregistered securities by making false representations about the expected rate of return on their investments and by promising that a portion of the profits generated from the sale would be used to benefit charitable causes.

On July 5, 2005, the court appointed Michael J. Quilling as Receiver for various defendants and relief defendants. *See* Doc. #9. The receivership was subsequently expanded to include Lancorp Financial Group, LLC and Lancorp Financial Business Trust (the "Lancorp Financial Group Receivership Estate"). *See* Docs. #84 & 98. In his capacity as Receiver, Quilling was authorized to:

> take[ ] exclusive jurisdiction and possession of the assets, monies, securities, claims in action, and properties, real and personal, tangible and intangible, of whatever kind and description, wherever situated, of [Lancorp Financial Group] and any entities it controls ("Receivership Assets"), and the books and records of [Lancorp Financial Group] ("Receivership Records").

*See* Doc. #84. Through April 30, 2008, the Receiver has recovered $4,372,290.71 in cash and other assets on behalf of the Estate, and made disbursements totaling $2,677,954.04. That leaves $1,694,336.67 in cash on hand. In a separate application, the Receiver seeks authority to pay $26,934.00 in attorney's fees and $310.72 in expenses for the period of August 1, 2007 through March 31, 2008. The Receiver also asks the court to reserve $19,420.00 for future administrative expenses. If the court approves the fees and reserves requested by the Receiver, $1,606,285.66 would be available for final distribution to claimants on a *pro rata* basis. Under the proposed distribution plan, each claimant with an approved claim will receive approximately 39% of their claim.[1]

The Receiver was ordered to post a copy of his proposed distribution plan and fee application on his website, www.secreceiver.com, with notice to all interested parties that any objections must be filed with the court by May 30, 2008. That deadline has now passed and no objections have been received. The SEC, through its regional counsel, has consented to the relief requested.

---

[1] The court previously approved a $2.5 million interim distribution to claimants of the Estate on a *pro rata* basis. *See* Doc. #307.

II.

In his final report and proposed distribution plan, the Receiver seeks authority to: (1) pay $26,934.00 in attorney's fees and $310.72 in expenses; (2) reserve $19,420.00 for future administrative expenses; and (3) distribute all remaining receivership assets to investors on a *pro rata* basis. The court will address each request in turn.

A.

The Receiver seeks authority to pay $26,934.00 in attorney's fees and $310.72 in expenses for the period of August 1, 2007 through March 31, 2008.[2] Although no investors have objected to this request, the court nevertheless must carefully examine the fee application to determine whether the time spent, services performed, hourly rates charged, and expenses incurred by the Receiver are justified under the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

As a result of his diligent efforts, the Receiver has recovered more than $4.3 million in cash and other assets on behalf of the Lancorp Financial Group Receivership Estate. If the current fee application and reserves are approved, the attorney's fees and accounting fees incurred by the Estate will total $222,317.40, or 5.1% of the total recovery. This is well within the litigation budget submitted by the Receiver.[3] The fee-to-recovery ratio is manifestly reasonable in light of the complexities of this case, the difficulties encountered by the Receiver in tracing investor proceeds and liquidating concealed assets, and the results obtained for defrauded investors. Moreover, the

---

[2] The court previously authorized the Receiver "to pay 100% of his expenses on a monthly basis, provided statements are sent to the SEC each month, no objections thereto have been presented, and the quarterly fee applications are filed as required." *See* Doc. #139. As permitted by this order, the Receiver has reimbursed his law firm $310.72 in expenses and now seeks court approval of that action.

[3] The Receiver estimated that he would incur $210,780.00 in attorney's fees and $33,150.00 in expenses for matters related to the Lancorp Financial Group Receivership Estate. *See* Doc. #106.

court finds that the time spent, services performed, hourly rates charged, and expenses incurred by the Receiver are justified under the factors set forth in *Johnson*. Accordingly, the Receiver should be authorized to pay $26,934.00 in attorney's fees and $310.72 in expenses to the law firm of Quilling Selander Cummiskey & Lownds, P.C. for the period of August 1, 2007 through March 31, 2008.

B.

The Receiver estimates that he will incur another $10,000.00 in legal fees, $7,500.00 in accounting fees, and $1,920.00 in storage costs for preparing and mailing distribution checks, reconciling bank statements, communicating with investors, preparing tax returns, and storing records. The court finds that these fees are reasonable and that the anticipated services are necessary to close the Estate. Accordingly, the Receiver should be authorized to reserve this sum from funds available for final distribution.

C.

The court previously approved 133 claims totaling $10,744,315.50. If the court approves the pending fee application and authorizes the withholding of reserves requested by the Receiver, $1,606,285.66 remains available for final distribution to claimants on a *pro rata* basis. *See SEC v. Forex Asset Management LLC*, 242 F.3d 325, 331 (5th Cir. 2001) (approving *pro rata* distribution to investors). Therefore, each claimant should be paid in accordance with the schedule attached as Exhibit "C" to the proposed distribution plan. Distribution checks should be issued to each claimant in the amounts set forth in the schedule. The checks shall be void if not cashed within 45 days from the date of issuance. The Receiver should be authorized to send a cover letter to each claimant in the form attached as Exhibit "D" to his report.

## RECOMMENDATION

The court should approve the Receiver's final report and proposed distribution plan [Doc. #405] and grant the Receiver's final application for attorney's fees [Doc. #392] in accordance with the above recommendation.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 2, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE